## Freel *v.* Wanamaker, Appellant.

*Negligence—Wagon—Infant—Evidence—Reckless driving—Question for jury.*

Upon those who use the public highway is imposed the duty to use reasonable care, and thus if practicable to avoid accident. One who recklessly drives upon a public highway and an accident occurs, may have imputed to him the charge of negligence. Reckless driving upon a highway is not the exercise of reasonable or ordinary care in the use of it, and is a failure to perform a duty imposed by law.

In an action against the owner of a wagon to recover damages for personal injuries to a child four years of age, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where five witnesses testify that the wagon which ran over the child was the defendant's wagon, and three of the witnesses state that the wagon was being driven at a very high rate of speed, that the horses were running and galloping, and that their attention was particularly drawn and attracted because the wagon was a heavy one.

Argued Jan. 8, 1904. Appeal, No. 180, Jan. T., 1903, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1902, No. 1509, on verdict for plaintiff in case of Robert Freel, by his father and next friend, John W. Freel, and John W. Freel in his own right, v. John Wanamaker, Thomas B. Wanamaker, Robert C. Ogden and L. Rodman Wanamaker,. trading as John Wanamaker. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child four years old. Before BIDDLE, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for Robert Freel for $1,900, and for John W. Freel for $100. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendants.

*Maurice W. Sloan,* for appellants.—The doctrine of res ipsa loquitur does not apply to this case : Zahniser v. Penna.

Torpedo Co., 190 Pa. 350; Alexander v. Pennsylvania Water Co., 201 Pa. 252; Ogden v. Penn. R. R. Co., 23 W. N. C. 191; Shafer v. Lacock, 168 Pa. 497; Stearns v. Ontario Spinning Co., 184 Pa. 519; Spees v. Boggs, 198 Pa. 112; Kendall v. City of Boston, 118 Mass. 234.

*William Clement Lees*, with him *Frank G. Perrin*, for appellees.—It is for the jury to determine whether the burden of proving negligence has been sustained: Penn. Canal Co. v. Bentley, 66 Pa. 30; Lombard & South St. Pass. Ry. Co. v. Steinhart, 2 Penny. 358; Citizens' Pass. Ry. Co. v. Foxley, 107 Pa. 537; Summers. v. Bergner Brewing Co., 143 Pa. 114.

OPINION BY MR. JUSTICE THOMPSON, March 7, 1904:

The appellee, Robert Freel, a child of four years of age, while in Stalford street, near where he lived, was run over by a team and wagon, belonging, it was alleged, to the appellants, and for the injuries received the present action was brought to recover damages. The father joined in it for loss of earnings, services and expenses. No question as to any negligence on the part of the father was raised, and none could have been successfully raised as to the child as its age precluded negligence from being attributed to it. The evidence of the accident was somewhat limited. The father testified that just after the accident he ran out and that he saw the wagon, one of appellants'. The mother testified that she saw the child just after the driver of the wagon and a driver of a milk wagon across the street, had lifted the boy to the porch, and that the driver of the appellants' wagon, at the time, said nothing. A witness, a lady who lived in the house next adjoining that of the appellees, testified that as she was closing a window of her house the wagon in question came flying down. That she saw the last wheel run over the child, and that the wagon was that of the appellants. That if it had not come flying down the driver would have seen the child; that the driver stopped when he had run over the boy and the child was immediately back of the wagon, the distance she was not able to say, but guessed it was from four to five feet. Subsequently she testified that the horses were galloping just like a fire engine. Another resident of the street residing in the immediate neighborhood testified that she saw

the " Wanamaker wagon " and that the horses were running; that her attention was attracted because the heavy wagon was coming so fast. Her sister who lived in the same house testified that she saw the wagon and that it was coming down the street. It attracted her attention because it was a heavy wagon and running so rapidly as to look as though the horses were running away. The doctor who was present immediately after the accident was asked whether the Wanamaker wagon was there when he got there, and he replied that he did not quite remember but he thought it was.

If this evidence warranted the jury in finding the inference of negligence the contention that the learned trial judge should have given binding instructions must fail. Upon those who use the public highway is imposed the duty to use reasonable care, and thus if practicable to avoid accident. One who recklessly drives upon a public highway and an accident occurs, may well have imputed to him the charge of negligence. Doubtless such an accident may be the direct result of the rapid driving, for otherwise while moving at a moderate speed it might have been avoided. If in such a case the speed is disputed its rate then becomes a question for the jury, and if the fact be found that the speed was so rapid as to cause the peril, the inference of negligence becomes reasonable and logical. Manifestly reckless driving upon a highway is not the exercise of reasonable or ordinary care in the use of it, and is a failure to perform a duty imposed by law: Citizens Passenger Railway Company v. Foxley, 107 Pa. 537. As there was evidence in the present case of an exceedingly rapid speed from which negligence might have been inferred, the question was for the determination of the jury.

In Lombard and South Streets Pass. Railway Company v. Steinhart, 2 Penny. 358, this court in a per curiam said: " There was evidence that the driver of the car was intoxicated and driving at a rapid rate of speed without giving any attention to the observance of any object on the track which his duty required," and held that the question of negligence was for the determination of the jury.

In Summers v. Bergner Brewing Company, 143 Pa. 114, Mr. Justice McCOLLUM says: " Aside from the statement of the driver, whose account of the affair was incoherent and confused,

there was nothing to indicate that the child ran hastily or impulsively under the horses or the wagon, and certainly there is no presumption that she did so. Besides a child four years old cannot be held responsible for contributory negligence. We cannot assume that she was a trespasser or that her actions were negligent and rash merely because her evidence fails to explain how she became involved in the peril in which she was discovered. In the absence of testimony on this point, the reasonable inference is that she was run over while crossing or playing in the streets, and when, as here it affirmatively appears, that the driver was asleep and the heavy team and wagon were moving down grade at a rapid gait, it is a question for the jury whether the negligence of the defendant caused the injuries."

If the jury believed appellee's witnesses there was in this case evidence of such rapid driving as to warrant the inference of negligence and the submission of such evidence to the jury was not error.

The assignment of error is not sustained and the judgment is affirmed.