## Commonwealth *v.* Godshalk, Appellant.

*Criminal law—Involuntary manslaughter—Automobiles—Reckless driving—Conviction.*

On the trial of an indictment for involuntary manslaughter, the case is for the jury and a verdict of guilty will be sustained, where the evidence established that the defendant, while driving an automobile at the rate of 35 miles an hour, ran past a signal to stop, and while running along a state highway past a shanty that was being moved, struck and killed a child who was walking in the road.

Reckless driving upon the highway is the failure to exercise reasonable ordinary care in the use of it, and is failure to perform a duty imposed by law, to drive an automobile at a speed reasonable and proper, having regard to the width, traffic and use of the highway.

Argued March 15, 1921. Appeal, No. 332, Oct. T., 1920, from judgment and sentence of O. & T. Lehigh County, April T., 1920, No. 47, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Ammon C. Godshalk. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for voluntary manslaughter and involuntary manslaughter. Before GROMAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

500, (1921).]    Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was the charge of the court.

*Edw. J. Fox,* and with him *James W Fox* and *Thomas F. Diefenderfer,* for appellant.

*Richard W. Iobst,* District Attorney, for appellee.

OPINION BY ORLADY, P. J., April 26, 1921:

The defendant was convicted under an indictment charging him with involuntary manslaughter. The scene of the accident was on a cemented state highway twenty feet wide for traffic, and on one side of the roadbed were two trolley tracks, of a grade that could be used by vehicles. The accident happened at about nine o'clock in the morning of January 5, 1920, when a little boy and girl who were on their way to school crossed the highway. Eight or ten workmen were engaged at that place in moving a shanty from one side of the state highway to the other, and had moved it about five feet in to the line of the highway, but leaving about fifteen feet of unobstructed roadway, when the defendant with his wife in a closed automobile drove by. As a precautionary move, the foreman of the gang of workmen had sent in each direction a flagman to caution vehicular traffic. While the testimony is very conflicting as to some phases of the case, several of the workmen testified positively that they were familiar with the driving of automobiles, and with the speed of street and railway cars, and that the defendant was driving his car at the rate of twenty-five to thirty-five miles per hour. The weather was clear; and there were no other occupants of the high-way; the view was unobstructed for several hundred feet; the roadbed proper was in good condition. As the defendant approached the child he veered his car to the left and struck her, so that she was thrown under the car, and after passing over it the car was stopped

within a short distance, when it was found that the child was dead.

While he admitted that he was an experienced driver of a car, he stated that the one he was then using was so constructed that he had some difficulty in reaching the brake to stop it—a condition he had been familiar with for some time. His contention was that he was driving carefully, at not more than fifteen miles per hour; that he did not see the child until he had struck it; that he did not see a signal man who waived a red flag 150 feet before he reached the shanty; that he did not hear a hello signal by a man who stood at the side of the road 100 feet from the shanty; that he did not see the boy who accompanied the little girl at all; that he misunderstood a signal given by a man to stop, as meaning that he should proceed; and other matters which if accepted would relieve him from the charge of negligence. However, the testimony of the Commonwealth was sufficiently strong to warrant the jury in finding as a fact, that he was driving his car at an excessive rate of speed when clearly in his view there were a number of persons on the roadway, and that he disregarded a prominent signal of flag and voice to indicate a dangerous place.

At the side of the highway there were private residences, and at that point a private road leading to a hospital intersected the highway. With the disputed testimony, we have nothing to do. It was so conflicting that it was necessarily submitted to the jury, and in a charge that fully covered every phase of the respective controversies. At the conclusion counsel for each side were asked if there was anything the court had overlooked, to which inquiry no response was given, but the counsel for the appellant urges that the charge as a whole was inadequate, misleading and inaccurate in its statements of the law applicable to the fact, and a number of excerpts from the charge are called to our attention.

There should be no doubt as to the duty of an operator of a motor vehicle on the public highway. The Act of Assembly of June 30, 1919, is mandatory in defining the duties of every operator of a motor vehicle. Section 19 specifically provides that the speed shall not be reckless or at a rate greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as not to endanger property or the life or limb of any person. Section 25 provides, that the operator shall keep his vehicle as close as possible to the right-hand side of the highway. The dispute between the Commonwealth and the defendant was narrowed to the single proposition, that the defendant violated the provisions of this act of assembly, and as a result of such violation this little girl was killed.

There can be no controversy as to our decisions in regard to such a case. Reckless driving upon the highway is not the exercise of reasonable or ordinary care in the use of it, and is a failure to perform a duty imposed by law. When an automobile driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car, if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision. Nonexpert witnesses are competent to express an opinion as to the rate of speed of an automobile—if their everyday experiences gives them sufficient knowledge to form an intelligent judgment on the subject: Freel v. Wanamaker, 208 Pa. 279; Silverstein v. Showell, 267 Pa. 298; Dugan v. Arthurs, 230 Pa. 299.

The opinion of the court refusing a new trial is a fair review of the facts and law applicable thereto. We find no reversible error in the record, the judgment is affirmed, the record is remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal on this case was made a supersedeas.