## Commonwealth *v.* Gayton, Appellant.

*Criminal law—Indictment—Several counts — Conviction under one count—Sentence.*

If there is sufficient evidence to sustain a conviction under one count in an indictment, and a sentence is imposed clearly within

the law as applicable to the offense charged in such count, the conviction and sentence will be sustained, though the defendant may have been found guilty on another count which is unsupported by the evidence.

*Criminal law—Assault and battery—Operation of motor car—Automobiles.*

A conviction of a person for assault and battery while operating an automobile, will be sustained where it appears from the evidence that the defendant, some distance before and up to the place of the accident drove his car at an unusually high rate of speed, zigzagged across the road, suddenly turned his car to the wrong side of the road, swerved into the ditch, and struck an obstruction which threw his car in the path of an approaching car, from which a collision resulted, causing injuries to the occupants of the approaching car.

In such a case, evidence as to the defendant being in an intoxicated condition is properly admissible.

It is not error in such a case for the court to call the jury's attention to the Act of July 7, 1913, P. L. 300, which fixes the rate of speed at which an automobile should be driven on a public highway, although a violation of the act may not of necessity be evidence of wantonness or recklessness.

Argued March 11, 1918. Appeal, No. 14, March T., 1918, by defendant, from judgment of Q. S. Juniata Co., Sept. T., 1916, No. 6, on verdict of guilty in case of Commonwealth v. Reuben A. Gayton. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for assault and battery. Before SEYBERT, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed.

*Errors assigned* were (1-6) various portions of the charge and the charge as a whole; (7) refusal of motion for a new trial.

*F. W. Culbertson,* with him *C. B. Crawford,* for appellant.

513, (1918).]        Opinion of the Court.

*John J. Patterson,* District Attorney, with him *J. Howard Neely,* for appellee.

OPINION BY KEPHART, J., May 6, 1918:

The defendant was charged, in the first count, with operating a motor vehicle while intoxicated, and in the second, third and fourth counts, aggravated assault and battery, assault and battery, and assault. He was found guilty on these three counts. It is unnecessary to determine the question presented by the first and second assignments. The evidence was sufficient to sustain the conviction under the third and fourth counts. A general sentence was imposed not exceeding the term prescribed for such offenses. If there is sufficient evidence to sustain a conviction under one count in an indictment and a sentence is imposed clearly within the law as applicable to the offense charged in such count the conviction and sentence will be sustained though the defendant may have been found guilty on another count which is unsupported by the evidence: Commonwealth v. Stern, 58 Pa. Superior Ct. 591. A conviction for assault and battery will be sustained where it appears from the evidence that the defendant, for some distance before and up to the place of the accident, drove his car at an unusually high rate of speed, zigzagged across the road, suddenly turned his car to the wrong side of the road, swerved into the ditch and struck an obstruction which threw his car in the path of an approaching car, from which the collision resulted causing injuries to the occupants of the approaching car: Commonwealth v. Bergdoll, 55 Pa. Superior Ct. 186. In such case, evidence as to the defendant being in an intoxicated condition is properly admissible.

No substantial harm was done by the court below in the use of the word "solely" in its charge. The jury was not misled, and from the entire charge it is evident the court did not limit their consideration to the fact that the defendant should be convicted unless it appeared that the

prosecutor was solely responsible for the accident. The court was merely commenting on the defendant's testimony. Counsel should have called the court's attention to this language if he felt the jury would have been misled by it. The third assignment of error is dismissed.

The Act of July 7, 1913, fixes the rate of speed at which an automobile should be driven on a public highway. A violation of that law by running at a speed in excess of that fixed would not of necessity be evidence of wantonness or recklessness. In a civil action for damages it might be evidence of negligence. It was not error, however, for the court to call the jury's attention to this act in its charge to the jury. Under certain conditions a car may be driven at a much lower rate of speed than that fixed by the act and be driven in a reckless manner. As we have disposed of the questions in relation to the second count, we need not consider the fourth assignment of error further.

The fifth and sixth assignments, relating to the charge of the court, do not present any question of substantial merit. The court did not abuse its discretion in overruling the defendant's motion for a new trial. The seventh assignment of error is dismissed.

The judgment is affirmed. The defendant is directed to appear to serve the sentence and pay the costs and fine imposed by the court below.