# Commonwealth v. Coccodralli, Appellant.

*Criminal law—Aggravated assault and battery—Reckless driving of motor truck—Injuries to travelers.*

One who wilfully drives an automobile on the public streets, at a rate of speed or in a manner which involves a reckless disregard for the safety of other persons lawfully using the streets, and by so doing causes injuries to another, is guilty of aggravated assault and battery.

On the trial of an indictment for aggravated assault and battery, a conviction will be sustained, where the evidence was sufficient to warrant a finding that the defendant had driven his motor truck along the street of a city, at a high rate of speed and in a manner which manifestly and necessarily imperiled the lives and limbs· of other persons lawfully using the street.

The excessive rate of speed at which an automobile is driven is a product of the will of its driver and not the result of mere inattention or negligence. It is his voluntary act, and, as such, he is responsible for the result of his conduct and there is no legal reason why the crime of assault and battery may not be committed by driving an automobile on a public highway at a rate of speed which endangers the safety of others and actually results in such injury.

*Assignments of error—Statement of questions involved.*

The purpose of the rule requiring the statement of the questions involved, as raised by the specifications of error, is to require that the questions to be considered shall be distinctly stated. To say that there is some question about the charge of the court, without stating what the question is, is not a proper compliance with the rule.

Argued April 12, 1920. Appeal, No. 2, March T., 1921, by defendant, from judgment of Q. S. Lackawanna County, January Sessions, 1920, No. 149, on verdict of guilty in case of Commonwealth of Pennsylvania v. Joseph Coccodralli. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for aggravated assault and battery and assault and battery. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on the charge of aggravated assault and battery on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*John Memolo,* for appellant.—There can be no conviction of aggravated assault and battery in the absence of proof of wilful negligence: Smith v. Com., 100 Pa. 324; Butler v. Stockdale, 19 Pa. Superior Ct. 98; State of Iowa v. Frank Richardson, 162 Northwestern 28; Com. v. Adams, 114 Mass. 323.

*Frank P. Benjamin,* District Attorney, and *Joseph B. Jenkins,* Assistant District Attorney, for appellee, cited: Schaffer v. Coleman, 35 Pa. Superior Ct. 386; Dugan v. Arthurs, 230 Pa. 299; Com. v. Bergdoll, 55 Pa. Superior Ct. 190; Com. v. Gayton, 69 Pa. Superior Ct. 513; Com.

v. Belserawitz, 35 Pa. Superior Ct. 77; Com. v. Werthei-
mer, 23 Pa. Superior Ct. 192.

OPINION BY PORTER, J., July 14, 1920:

The defendant was driving his autotruck along a
street in the City of Scranton and ran into another auto-
mobile and seriously injured the young daughter of
Alexander Oellgaard, who instituted this prosecution.
An indictment was found containing two counts, the
first charging that the defendant did assault and then
and there unlawfully and maliciously did inflict grievous
bodily harm upon Mary Oellgaard; and the second
count charged simple assault and battery. The defend-
ant was convicted in the court below upon both counts
and appeals from that judgment.

The appellant has in his paper-book stated three ques-
tions alleged to be involved in this case. The first and
second questions, as stated, really present but one ques-
tion and may be fully summarized thus: Was the evi-
dence in the case such as to warrant a conviction of the
defendant of the offense charged in the first count of
the indictment, which is commonly designated as ag-
gravated assault and battery? The learned counsel for
the appellant does not assert that the injury to the
young girl was not of a grievous nature. His conten-
tion is that the evidence did not warrant a finding that
the injury was wilfully and maliciously inflicted by the
defendant, and that the court should have withdrawn
the first count of the indictment from the consideration
of the jury or given a binding instruction, as to that
count, in favor of the defendant. The evidence was such
as to warrant a finding that the defendant had driven
his autotruck along a street of the city at a rate of speed
and in a manner which manifestly and necessarily im-
periled the lives and limbs of other persons lawfully
using the street. It is true that there was nothing to
indicate that the defendant was actuated by express
malice towards the young girl or that he had a con-

scious intention to injure her, but the circumstances under which the injury was inflicted were such, if the jury found the facts to be as testified to by the witnesses for the Commonwealth, as to give rise to a legal implication of malice. "The excessive rate of speed at which an automobile is driven is a product of the will of its driver and not the result of mere inattention or negligence. The two cannot be confused any more than the hurling of a baseball bat into a crowd of spectators can be confused with the accidental slipping of the bat from the hands of the batter. A blow inflicted by a wilful act applies to a much more dangerous agency, since it cannot be that what would be a crime if done with a plaything weighing a few ounces ceases to be a crime if committed with an instrument weighing thousands of pounds, driven by many horse power of force. There is, therefore, no legal reason why the crime of assault and battery may not be committed by driving an automobile on a public highway at a rate of speed that endangers the safety of others and actually results in such injury": State v. Schutte, 87 N. J. L. 15. One who wilfully drives an automobile on the public streets at a rate of speed or in a manner which involves a reckless disregard for the safety of other persons lawfully using the streets and by so doing causes the death of another, is guilty of felonious homicide: State v. Campbell, 82 Conn. 672. These decisions involved no new departure in the criminal law. They merely applied well recognized and long established principles to the conditions arising out of the introduction of high powered vehicles capable of great speed upon public highways which all persons have a right to use. The same principles were recognized and applied by the Supreme Court of Pennsylvania, in 1882, in a case in which the defendant, intending no harm, wounded another by discharging a pistol in a Pullman parlor car, and it was held that the law implied malice from the character of the act: Smith v. Commonwealth, 100 Pa. 324. It is an unlawful act to

so use the public highways as to involve a manifest danger to the lives of other persons lawfully using them, and those guilty of such action must at their peril abide the event of their actions, if injury to others results, although no mischief was intended. "It is said, that if a person happens to occasion the death of another, inadvisedly doing an idle, wanton action, which cannot but be attended with the manifest danger of some other; as by riding a horse, known to be used to kick, among a multitude of people, by which he means no more than to divert himself by putting them into a fright, he is guilty of murder": First Hawkins Pleas of the Crown, chapter 31. There was a conflict of evidence in the case and the facts were for the jury. The evidence certainly warranted a finding that the defendant was operating his truck in such a manner as to be manifestly dangerous to persons lawfully using the street, and if the jury so found then the law implied malice from the nature of the act. The court did not err in submitting the first count of the indictment to the consideration of the jury. It is proper here to add that the sentence imposed upon the appellant is such as would have been warranted by a conviction upon the second count, which merely charged assault and battery, and no doubt as to the propriety of the conviction upon that count is suggested by the statement of either of the questions alleged to be involved.

The attempt to state a third question involved does not properly raise any question. It is simply stated thus: "III—Charge of the Court." The purpose of the rule requiring the statement of the questions involved, as raised by the specifications of error, is to require that the questions to be considered shall be distinctly stated. To say that there is some question about the charge of the court, without stating what the question is, is not a proper compliance with the rule. It is, therefore, only necessary to say that considering the charge as a whole we are not convinced that the appellant has any substantial ground for complaint. We have re-

peatedly said, as has the Supreme Court, that specifications of error which raise questions other than those embraced by the "Statement of Questions Involved" will not be considered.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.