## Commonwealth v. Kline.

*Criminal law—Assault and battery—Aggravated assault and battery— Reckless driving of automobile—Injury to traveler.*

1. One who wilfully drives an automobile on the public highways at a rate of speed or in a manner which involves a reckless disregard for the safety of others lawfully using the highways, and by so doing causes injuries to another, is guilty of assault and battery or aggravated assault and battery, according to the nature of the injuries inflicted.

*Criminal law—Evidence—Direction of verdict by court—Case for jury.*

2. In a criminal case, it is only where the facts are undisputed and are insufficient to establish the offence that it is the duty of the court to direct a verdict of not guilty.

3. Where, in a criminal action, the evidence, if believed, is sufficient to sustain a verdict of guilty, the trial judge is not justified in taking the case from the jury.

*Practice, Q. S.—Rule 338 of the Rules of Court—Time to present points for charge.*

4. Rule 338 of the Rules of Court, applicable to both civil and criminal cases, requires that points for charge be presented to the court before the closing addresses are made, so as to afford the court an opportunity to consider the same.

*Criminal law—Assault and battery—Automobiles—Defence—Contributory negligence.*

5. On an indictment for assault and battery arising out of an automobile accident, contributory negligence of the driver of the automobile in which the person injured was riding is no defence.

*Practice, Q. S.—Prejudicial remarks by counsel—Motion to withdraw juror—Failure to call witness.*

6. If remarks made by counsel during the course of a criminal trial are deemed prejudicial to the defendant, counsel for the defendant should move for the withdrawal of a juror. He may not stand by and take his chances on a verdict and then, if disappointed, be heard to complain.

7. Where the defendant, on the trial of an indictment for assault and battery arising out of an automobile accident, fails to call as a witness a person who was with him at the time of the accident, it is not improper for counsel for the Commonwealth to call the jury's attention to such failure and the inference to be drawn therefrom. If, however, the name of such witness had been endorsed on the bill of indictment, and he had been under subpœna as a witness for the Commonwealth, it would have been improper to comment adversely upon the failure of the defendant to call him as his witness, but not necessarily error of such a nature as to require the granting of a new trial.

Rule for new trial and motion in arrest of judgment. Q. S. Berks Co., Sept. Sess., 1926, No. 95.

*Ira J. Kutz*, for Commonwealth.

*Wilson R. Rothermel*, for defendant and rule. ·

STEVENS, J., Dec. 18, 1926.—The defendant was indicted upon four bills containing various charges arising out of an automobile accident. He was acquitted in three of the cases, but the costs were placed upon him. In the other, charging assault and battery and aggravated assault and battery, he was convicted. He has filed a motion in arrest of judgment and for a new trial, setting forth the same reasons, five in number, in support thereof.

Three of the reasons filed are to the effect that the verdict was against the evidence, the weight of the evidence and the law. A careful review of the testimony leads us to conclude to the contrary. The testimony of the witnesses showing the operation by defendant of his high-powered twin-six Packard automobile, late at night, on a main highway, at the rate of from forty to fifty miles an hour, shooting up over the crest of a small hill, on the

left-hand side of the road, and crashing first into one and then into a second automobile some distance behind the other, both on the proper side of the road and with lights lighted and visible to defendant, who proceeded without lessening of speed in trying to pass them, believed as it was by the jury, amply justified a verdict of guilty. It was a reckless operation of his automobile, having regard to the width, traffic and use of the highway, dangerous to the life or limb of persons. One who wilfully drives an automobile on the public highways at a rate of speed or in a manner which involves a reckless disregard for the safety of others lawfully using the highways, and by so doing causes injuries to another, is guilty of assault and battery or aggravated assault and battery, according to the nature of the injuries inflicted: Com. v. Coccodralli, 74 Pa. Superior Ct. 324; Com. v. Ruth, 17 Berks Co. L. J. 175. The verdict was not against the evidence, the weight thereof, or the law.

Defendant complains that the court failed to direct a verdict of acquittal at the conclusion of the Commonwealth's testimony. There was no request therefor; and if there had been, the court is not required to entertain it until the conclusion of all the testimony: Com. v. George, 13 Pa. Superior Ct. 542; Com. v. Sonis, 81 Pa. Superior Ct. 205. If such request had been made at the proper time, in the light of the testimony which was clearly for the jury, the direction of a verdict of acquittal would have been improper, for it is only where the facts are undisputed and are insufficient to establish the offence that it is the duty of the court to direct a verdict of not guilty: Com. v. Ruddle, 142 Pa. 144. Where the evidence, if believed, is sufficient to sustain a verdict of guilty, the trial judge is not justified in taking the case from the jury: Com. v. Beati et al., 86 Pa. Superior Ct. 567.

The remaining reason, No. 2, as filed, charges no error on the part of the court. It alleges that private counsel for the Commonwealth said to the jury: "You must assume that Russel De Turk would have testified against the defendant, if called, and the defendant should have called him." This is said to have been error on the part of the Commonwealth, for the reason that De Turk was the Commonwealth's witness and his name appeared on the back of the indictment. We might confine ourselves to the grounds stated: Stower v. Lightner, 2 Yeates, 40, and, inasmuch as no error on the part of the court is charged, go no further; but this should not be done in a criminal proceeding if the defendant was prejudiced. From the argument of counsel and the brief filed, we gather that the defendant complains of the refusal of the court to affirm his requests for charge, and of that portion of the charge referring to the duty of the Commonwealth to call all the witnesses and to the failure of defendant to call the witness De Turk. The requests for charge were not presented to the court until after defendant's counsel had made his closing address and while counsel for the Commonwealth was closing. Under our Rules of Court, No. 338, applicable in both civil and criminal cases, it is required that points for charge be presented to the court before the closing addresses are made so as to afford the court an opportunity to consider the same. No harm was done to the defendant, because if defendant, after the charge of the court was delivered, still thought that the charge had not covered the points presented, he was given an opportunity to renew his application when the court requested counsel to call its attention to any inadequacy or errors in the charge. Defendant's counsel, when so requested, did state "the unreasonable comment about the calling of the Commonwealth's witness is what I thought of." Thereupon the court charged on that point in a manner which counsel stated answered what he had in mind and which is not excepted to. The first two points for charge could not properly have been

affirmed. The facts were for the jury. As to the next two, it is sufficient to say that the negligence of the driver of the automobile in which the person injured was riding was no defence to the defendant: Com. v. Ruth, 17 Berks Co. L. J. 175.

The last point was as follows: "The defendant asks the court to charge the jury that it is the Commonwealth's business to produce all the evidence before the jury and that the failure to call Russell De Turk is on the Commonwealth." Considering together the refusal of this point, the ambiguous reason, No. 2, filed in support of the motion, the action of the court when the alleged harmful remarks of counsel were made, and that portion of the charge bearing upon this subject, we feel that no error prejudicial to the defendant was committed.

When the alleged remarks were made, counsel for defendant was evidently of the opinion that they were not seriously harmful to his client, as no motion was made to withdraw a juror. The words evidently did not improperly influence the jury, as the evidence of the Commonwealth was ample to support the conviction: Com. v. Arcuroso, 283 Pa. 84. Counsel, without notice to any one and without the knowledge or leave of the court, six weeks after the trial filed an affidavit setting forth the alleged harmful remarks. The record of the official stenographer simply shows that counsel for the Commonwealth commented on the failure of the defendant to call De Turk as a witness, and that counsel for the defendant called the attention of the court to the fact that De Turk's name was endorsed on the bills of indictment and that he was subpœnaed by the Commonwealth, whereupon the court ruled that counsel's remarks were proper and granted an exception.

An examination of the bill of indictment does not disclose the name of Russell De Turk endorsed thereon, nor from anything before us do we find that he was subpœnaed as a witness for the Commonwealth in this case. In the absence of any exception to the refusal to affirm the point in question and to the charge of the court, it only remains to consider whether there was any error in the action of the court in ruling that the remarks of counsel for the Commonwealth were proper.

There was no motion for the withdrawal of a juror, which should have been made if the remarks were regarded by the defence as prejudicial. The defendant may not stand by and take his chances on a verdict, and then, if disappointed, be heard to complain: Com. v. Shinfield, 83 Pa. Superior Ct. 292. But, even if properly taken advantage of, was the action of the court, regarding it as a refusal to withdraw a juror, error? As before stated, the witness referred to was not the Commonwealth's witness in this case, though mistakenly stated by the court to be so. He, De Turk, was a companion of the defendant, riding in his car at the time of the accident (notes of testimony, pp. 27, 34) and presumably friendly to him. The Commonwealth was under no legal duty to call him as its witness, if he had been its witness. In a prosecution such as this, the court may regulate the number of witnesses to prevent the unnecessary cumulation of evidence: Com. v. Gibbons, 3 Pa. Superior Ct. 408, 413; Com. v. Keller, 191 Pa. 122; Rules of Court, No. 356. The defendant did not ask to have the witness called. There are cases in which the Supreme Court has held that certain witnesses should be called so that the jury may fully know the circumstances: Rice v. Com., 102 Pa. 408; Donaldson v. Com., 95 Pa. 21; but it has also been held by the same court that a writ of error will not lie to the refusal of the court to direct the district attorney to call as a witness for the Commonwealth a person whose name is endorsed as a witness upon the bill of indictment and who is present in court

under subpœna of the Commonwealth: Onofri v. Com., 20 W. N. C. 264, 7 Sadler, 520. This is particularly true where the evidence could have been produced by the defendant: Com. v. Morrison, 193 Pa. 613. Bearing in mind that the facts had already been detailed by seven witnesses, there was nothing improper in the failure to call De Turk if he had been the Commonwealth's witness. Not being so, but having been with the defendant at the time of the occurrence, evidently cognizant of the facts and present in court, it was proper to call attention to defendant's failure to call him as his witness and to the inference to be drawn therefrom, although there is no legal presumption arising from such unexplained failure to call him: Com. v. Weber, 167 Pa. 153, 162. On the other hand, if De Turk's name had been endorsed on the bill and he had been present under subpœna as a witness for the Commonwealth, it would have been improper to comment adversely upon the failure of the defendant to call him as his witness, but not necessarily error of such a nature as to require the granting of a new trial.

Under all the circumstances, De Turk having been a companion of the defendant, at the time of the occurrence an occupant of his automobile, present at the trial, his name not appearing on the bill of indictment as a witness, and it not appearing that he was subpœnaed as the Commonwealth's witness in this case, we feel that no error prejudicing the rights of the defendant was committed.

And now, to wit, Dec. 18, 1926, the rule to show cause is discharged and the motion in arrest of judgment is refused.

From Charles K. Derr, Reading, Pa.