# Commonwealth of Pennsylvania *v.* Ochs, Appellant.

*Criminal law—Involuntary manslaughter—Automobiles—Collision —Street intersection—Reckless driving—Charge of court—Negligence as an element in involuntary manslaughter—Act of April 27, 1925, P. L. 254.*

On the trial of an indictment for involuntary manslaughter, growing out of a collision between two automobiles at a street intersection, there was evidence that defendant was traveling at a rate of thirty-five or forty miles per hour. The evidence established that the defendant failed to pass to the right of the intersection of the center of the two streets before turning to the left on the intersecting street, in violation of sec. 10 of the Act of April 27, 1925, P. L. 254.

Under such circumstances the case was for the jury and a verdict of guilty will be sustained.

In such case the trial court properly refused to charge that "Negligence, to become criminal, must be reckless, wanton, and of such a character as shows an utter disregard of the safety of others, under circumstances likely to cause injury." Such conduct, if resulting in death, would render one guilty of felonious homicide, whereas defendant was on trial for a misdemeanor.

Negligence, as an element in the definitation of involuntary manslaughter, denotes the absence of due care in the circumstances; an act done in an unlawful manner and without due caution.

Argued October 4, 1927. Appeal No. 5, March T., 1928, by defendant from judgment of O. & T. Dauphin County, January Sessions, 1926, No. 12, in the case of Commonwealth of Pennsylvania v. Eugene Ochs. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for involuntary manslaughter. Before HARGEST, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Errors assigned* were the charge of the court and various rulings on points for charge.

*Oscar J. Wickersham,* and with him *Michael E. Stroup* and *Wickersham & Neely,* for appellant.

*Robert T. Fox,* District Attorney, for appellee.

OPINION BY LINN, J., November 21, 1927:

Appellant was convicted of involuntary manslaughter growing out of a collision of two automobiles, one driven by him.  The only complaint we need consider is the refusal to instruct the jury to acquit unless the death resulted from appellant's gross negligence.

The accident happened about 8 A. M., July 11, 1925, on Market Street near an open space or plaza formed by the intersection of several streets in the City of Harrisburg.  For present purposes, it is sufficient to consider Market Street 46 feet from curb to curb, as extending east and west; Whitehall Street enters the plaza from the northwest, or left side; and Taylor Boulevard enters it from the northeast, or right side, the two streets forming two sides of the letter 'V', the angle of the letter resting on the north line of Market Street.  In the center of the open space, also resting on the north line of Market Street, was a circular grass plot 35 feet in diameter, the left circumference being 54 feet from the curb on the west, and right circumference, 38 feet from the nearest curb on the east.  Appellant drove on and from Whitehall Street into the open space, intending to cross it and proceed east on Market Street.  That course would require a movement into Market Street by a right turn, and after crossing Market Street, a left turn to go east on that

street. The automobile in which decedent was a passenger, came westward on Market Street. If appellant had complied with the law requiring him to keep to the right, he would have entered the plaza from Whitehall Street, and passed into Market Street by going over the 54 feet space mentioned above, keeping the grass plot on his left; instead of so keeping to the right, he passed to the left of the grass plot, and entered Market Street by going through the 38 feet space. While appellant pursued that course, the car containing decedent reached a point on Market Street, where in the resulting confusion, the collision took place within the lines of Market Street at a point east of the intersection.

It appears then that instead of keeping to the right, as the law requires, appellant drove on the left, with the resulting collision with an automobile then using, what for it was the right side of Market Street; in other words, appellant was unlawfully using the road. Section 10 of the act of April 27, 1925, P. L. 254, 279, provides: "At the intersection of public highways, the operator of a motor vehicle shall keep to the right of the intersection of the centers of such highways when turning to the right, and shall pass to the right of such intersection before turning to the left." Sec. 16 of the act of June 14, 1923, P. L. 718, 740, provides: "No person shall operate a motor vehicle on the public highways of the state recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger property or the life or limb of any person." There is evidence that appellant was traveling at a rate of speed estimated at 35 or 40 miles an hour. He admitted that he crossed the open space on the left of the grass plot, instead of keeping to the right. While he denied that the collision occurred as described by the witnesses for the Commonwealth, that conflict of

evidence has been determined against him by the jury.

The question then simply is whether such an unlawful act, resulting in death in the circumstances described, is involuntary manslaughter, and on that point the decisions in this Commonwealth leave no doubt. In Com. v. Gable, 7 S. & R. 423, 427, it was said: ".... involuntary manslaughter is, where it plainly appears that neither death nor any great bodily harm was intended, but death is accidentally caused by some unlawful act, or an act not strictly lawful [unlawful?] in itself, but done in an unlawful manner and without due caution." In Com. v. Micuso, 273 Pa. 474, "Death caused by recklessly driving a motor vehicle," is given as an example of involuntary manslaughter. In Com. v. Coccodralli, 74 Pa. Superior Ct. 324-327, this court said : "One who wilfully drives an automobile on the public streets at a rate of speed or in a manner which involves a reckless disregard for the safety of other persons lawfully using the streets and by so doing causes the death of another, is guilty of felonious homicide; State v. Campbell, 82 Conn. 672." In Com. v. Godshalk, 76 Pa. Superior Ct. 500-503, in affirming a conviction of involuntary manslaughter growing out of negligent driving of an automobile, we said: "There can be no controversy as to our decisions in regard to such a case. Reckless driving upon the highway is not the exercise of reasonable or ordinary care in the use of it, and is a failure to perform a duty imposed by laws." See also Com. v. Mayberry, 290 Pa. 195.

The court instructed the jury that appellant could not be convicted, unless the jury found from the evidence beyond a reasonable doubt that appellant operated his automobile in a careless, negligent or reckless manner, without due regard to the circumstances present. We understand with the appellant, that the words "careless, negligent or reckless" so used in the charge are synonymous.

Appellant however complains that the jury should have been instructed that he could not be convicted unless he was guilty of gross negligence. Whatever may be said of classifications of negligence (see Cody v. Venzie, 263 Pa. 541), negligence, as an element in the definition of involuntary manslaughter,—a misdemeanor,—denotes the absence of due care in the circumstances: "an act done in an unlawful manner and without due caution," (Com. v. Gable, supra); so the jury was instructed; in fact, a request for charge to that effect obviously based on Com. v. Gable was affirmed.

Appellant also complains that the court refused to instruct the jury as follows: "To constitute gross negligence, an act must be so wanton and reckless, as to evince an utter disregard for the safety of others, and necessarily imply an intent to injure." "Negligence, to become criminal, must be reckless, wanton, and of such a character as shows an utter disregard of the safety of others, under circumstances likely to cause injury." Conduct such as is described in those two requests, if death resulted, would render one guilty of felonious homicide; Com. v. Coccodralli, supra; Com. v. Micuso, supra., whereas appellant was on trial for a misdemeanor. The instructions were properly refused.

The judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.