## Commonwealth v. Herr

*Paul A. Mueller*, district attorney, for Commonwealth.
*John L. Hamaker*, for defendant.

SCHAEFFER, J., October 8, 1934.—This is a rule for a new trial. The sole question to be determined in this proceeding is whether a conviction can be sustained, where a defendant is charged with assault and battery by automobile, on an indictment alleging that the prosecutor was injured, if the evidence fails to show any such personal injury. The evidence admittedly does not show that prosecutor sustained any personal injury as alleged in the indictment. The court in its charge to the jury said: "You must, therefore, find beyond a reasonable doubt from all the evidence, and it is your duty to remember it as you heard it from the witness stand, that the defendant not only drove her car carelessly but that she drove it wilfully or wantonly, disregarding the rights or safety of others then and there using the highway where this accident occurred."

This is in accordance with the recent decision of Commonwealth v. Donnelly, 113 Pa. Superior Ct. 173, which decided that there must be wanton conduct, amounting to a willful disregard for the safety of the traveling public or gross negligence, to support a criminal conviction for assault and battery by automobile. Evidently, the jury by its verdict found that there was gross negligence on the part of defendant.

However, the main question at issue is whether there can be a conviction of assault and battery by automobile in the absence of personal injury. It is self-evident that assault and battery cannot be committed on an inanimate object, but must be to a person. There may be an assault without a battery. Furthermore, a blow is a battery irrespective of the number of mechanical agencies through which it is transmitted. In Respublica v. DeLongchamps, 1 Dallas 111, 114, the court held that striking a cane held by another was within the legal definition of assault and battery, and said: "Any thing attached to the person, partakes of its inviolability". See also 1 Wharton, Criminal Law, secs. 806, 813.

This feature of the law pertaining to assault and battery may be applicable

to simple assault and battery, but it does not apply to a case of assault and battery by automobile, where someone must be hurt, however, slightly, as a result of an automobile collision. In all the cases examined involving a prosecution for assault and battery by automobile, personal injury was caused to another. See Commonwealth v. Kline, 9 D. & C. 448; Commonwealth v. Nottage, 13 D. & C. 448; Commonwealth v. Bowsard, 23 Berks 239; Commonwealth v. Gayton, 69 Pa. Superior Ct. 513; Commonwealth v. Coccodralli, 74 Pa. Superior Ct. 324; Commonwealth v. Muska, 92 Pa. Superior Ct. 121. In Commonwealth v. Moshinskie, 30 Schuyl. 393, it was decided that to warrant a conviction of assault and battery by automobile it must appear at least that injury resulted from defendant's negligence.

The indictment limits the alleged assault and battery by automobile to J. Carl Krentz, the prosecutor. The evidence shows no personal injury sustained by him. The allegata and probata must agree.

And now, October 8, 1934, the rule for a new trial is made absolute.

From Lancaster Law Review.