## Hitchins v. Wilson.

*Negligence—Automobiles—Joint tort feasors—Injury to pedestrian at crossing.*

Where the drivers of two automobiles approach each other at right angles at the intersection of two streets, and do not abate their speed although in full view of each other until but a few feet apart, when each one diverges sharply from his course, and one of them strikes and injures a pedestrian who was committed to the crossing, the injured person may recover a joint judgment in the same suit against the two drivers as joint tort feasors.

Argued Oct. 4, 1917. Appeal, No. 18, Oct. T., 1917, by Irving N. Wood, from judgment of Municipal Court Philadelphia Co., April T., 1916, No. 214, on verdict for plaintiff in case of Robert L. Hitchins v. Ellwood A. Wilson and Irving N. Wood. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

366, (1917).]        Verdict—Opinion of the Court.

Trespass to recover damages for personal injuries. Before GORMAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff against defendants for $332.25. Irving N. Wood appealed.

*Error assigned* was in refusing Irving N. Wood's request for binding instructions for defendants.

*Maurice W. Sloan,* for appellant.—Where, in an action of trespass to recover damages for negligence, the plaintiff declares for a joint tort and the evidence shows no joint action by the defendants, a verdict and judgment against the defendants for a separate tort will not be permitted: Dutton v. Lansdowne Borough, 198 Pa. 563; Wiest v. Electric Traction Co., 200 Pa. 148; Sturzebecker v. Inland Traction, 211 Pa. 156; City of Bradford v. Barry, 254 Pa. 303.

The testimony makes out a clear case of negligence upon the part of Wilson and lack of negligence upon the part of Wood. It is well settled that it is the duty of an automobilist as he approaches a crossing to have his car under perfect control, so that he can stop immediately in case of necessity: McClung v. Penna. Taximeter Cab Co., 252 Pa. 478; Arnold v. McKelvey, 253 Pa. 324; Gosling v. Gross, 66 Pa. Superior Ct. 304.

*Warren C. Graham,* for appellee.

OPINION BY ORLADY, P. J., December 13, 1917:

This action of trespass was tried in the court below, by agreement of counsel, by the judge without a jury, who found in favor of the plaintiff for $332.25, and a judgment was entered in accordance therewith.

The material facts in the case are as follows: The plaintiff in company with his wife and three other persons, making in all a close group of five people, were on

the crossing on Ontario street, going north on the east side of Broad street. Before leaving the pavement to occupy the street crossing all of the pedestrians looked for automobiles, and seeing that the crossing was clear they entered upon it. When the plaintiff had passed the centre of Ontario street in safety and was within two feet of the north curb, he was struck by an automobile operated by one of the defendants, Ellwood A. Wilson. Wilson was driving his automobile north on the east side of Broad street, intending to cross Ontario street and proceed north. His car was about five feet from the east curb line of Broad street, going at a speed variously estimated by the witnesses at from six to fifteen miles per hour. At the same time the other defendant was proceeding south on the west side of Broad street, turned east into Ontario street, and in so doing crossed the east side of Broad street. As these two automobilists approached the point where their paths would intersect, each was in plain view of the other, the streets being well lighted. At the speed each was going a collision would be inevitable unless one of the cars would be stopped or diverge from its course. No signal to stop was given by either, and each proceeded in his course; when but a few feet apart, Dr. Wood turned his car sharply to the left, going north on the east side of Broad street, and Wilson turned his car sharply to the right, going east on Ontario street. While making these turns Wilson's car struck the plaintiff without giving any warning. The plaintiff concedes that to recover he must show a joint tort. He called each defendant to make out his case, and there was a reasonable dispute between them in attempting to fix the entire responsibility of the accident on the other. The testimony of each defendant standing alone, would relieve him from the charge of negligence, but the testimony of the two clearly fixes the joint responsibility of their act, in producing the result. When the cars were about to come together at right angles, the turn of one

to the left and the other to the right was made on a street crossing then occupied by five pedestrians. If either one had exercised ordinary care and stopped before the collision was imminent, it would not have been necessary to have made the turn. It was the turning of the two cars at that point that produced the plaintiff's injuries. While there was no community of thought between the two defendants prior to making their respective turns, it was their community of action which produced the result, and this was made necessary in the mind of each to prevent a collision between the automobiles. Under the special facts it is immaterial which car arrived first at the crossing, as it is obvious that each while in plain view of the other, without signal, attempted to cross in front of the other car. Each must have seen while at a safe distance from the crossing, that to proceed on the line and at the speed he was then going a collision would be inevitable, even if the crossing had not been occupied by pedestrians. While each car escaped, it was at the expense of injuries to the persons on the crossing. There were minor disputes of facts in shifting the responsibility from one to the other, but taking the testimony as a whole it is free from doubt that it required the joint act of these defendants to bring about the plaintiff's injuries. The situation was not at all unusual; it is faced every day on the streets of a large city, and ordinary prudence required that one or the other should have halted or stopped for an interchange of signals to further advance. Had either one stopped his car, the responsibility for the accident would have been on the other, but each elected to ignore the rules of ordinary prudence and their joint act resulted in the plaintiff's injuries. It is the duty of a driver of a vehicle approaching the crossing of a street intersection to have his vehicle under control and to observe what is or may be approaching from the other street, and where another vehicle is first at the crossing to give it an opportunity to clear the same and to use

due care to avoid a collision: McClung v. Penna. Taximeter Cab Co., 252 Pa. 478. Where a trolley car moving at an excessive speed collided with a wagon which was being negligently driven across the tracks, causing the wagon to skid and strike a pedestrian standing on the curb, the street railway company and the owner of the wagon were properly made codefendants in an action by the pedestrian to recover damages for injuries sustained: O'Malley v. Philadelphia Rapid Transit Co., 248 Pa. 292. Ordinary care must be observed by vehicle drivers and pedestrians at all times at and between crossings. More care is required to be exercised by an automobile about to pass over a street crossing than between crossings; and more care is required of pedestrians between crossings than at crossings. Crossings are prepared especially for pedestrians, and automobilists must bear this in mind: Arnold v. McKelvey, 253 Pa. 324. The injury in this case was clearly due to the negligence of the two automobilists, and the finding by the trial judge was fully warranted by the evidence.

The judgment is affirmed.