## Carroll v. Conestoga Traction Company.

*Concurrent negligence—Joint and several liability—Automobile thrown by trolley car against pedestrian.*

1. Where the negligence of two parties contributes to an accident, both are liable, jointly and severally, for the damages sustained by a third person injured thereby.

2. In an action against a traction company for damages by a plaintiff who was injured while standing at a point along the railway near a public road crossing, intending to board an approaching car, by being struck by an automobile after it had been hit by the car and thrown toward her, the case having been submitted to the jury on the conflicting evidence as to whether or not the car had approached the crossing at excessive speed or without having given a proper signal, a verdict for the plaintiff was sustained.

Rule for judgment for defendant *n. o. v.* C. P. Lancaster Co., April T., 1921, No. 21.

*S. R. Zimmerman* and *John E. Malone*, for rule; *John M. Groff*, contra.

HASSLER, J., July 7, 1923.—Josephine Carroll, one of the plaintiffs, was injured under the following circumstances: On Jan. 9, 1921, in company with several other people, she was standing at a point along the line of the Lancaster and Eastern Railway, which is operated by the defendant company, where it is crossed by the Belmont Road, intending to board a trolley car to come to this city. At the point where she was standing the defendant company has erected and maintains a sign, "Cars stop here," indicating that it was a place for people to get on its cars. As a car of the defendant company approached and crossed the Belmont Road, when she was standing there, it struck an automobile which was crossing the railway track at that point, throwing it to one side and causing it to strike the plaintiff, Mrs. Carroll, thereby causing the injury complained of. In her statement she bases her claim to recover on the negligence of the defendant company's employees, in not giving any signal of the approach of the car to the crossing, and also in going at an excessive rate of speed. No claim was made in her statement that she was entitled to recover because she was injured when she was a passenger about to board one of the defendant company's cars.

The testimony differed on the alleged acts of negligence. Some witnesses testified that no signal of the car's approach to the crossing was given, and that it was going at an excessive rate of speed. Others testified that a signal

was given, and that the car was not going rapidly. We submitted this testimony to the jury, and no complaint is made that we erred in doing so, or in our explanation as to what effect should be given to their finding on one or both of these alleged acts of negligence in arriving at their verdict. The jury found against the defendant, and we are now asked to enter judgment for the defendant *n. o. v.*, for the reason that the accident was caused by the negligence of the person operating the motor-vehicle, in not looking and stopping before crossing the tracks on which the car was running, and not by any negligence of the defendant.

It is well settled that where the negligence of two parties contributes to an accident, both are liable for the damages sustained by a third person injured thereby. In Bunting *v.* Hogsett, 139 Pa. 363, it is said: "The general rule undoubtedly is, if a person suffers injury from the joint negligence of two parties, and both are negligent in a manner which contributes to the injury, they are liable jointly and severally, and it would seem in principle to be a matter of no consequence that one of them is a common carrier." In O'Malley *v.* Philadelphia Rapid Transit Co., 248 Pa. 292, it is decided that where an injury results from the concurrent negligence of several persons, they are jointly and severally liable. Where a trolley car moving at an excessive speed collided with a wagon which was being negligently driven across the tracks, causing the wagon to skid and strike a pedestrian standing on the curb, the street railway company and the owner of the wagon were properly made co-defendants in an accident by the pedestrian to recover damages. In Hitchins *v.* Wilson, 68 Pa. Superior Ct. 366, it is decided that where the drivers of two automobiles approach each other at right angles at the intersection of two streets and do not abate their speed, although in full view of each other, until but a few feet apart, when each one diverges sharply from his course, and one of them strikes and injures a pedestrian who is committed to the crossing, the injured person may recover a joint judgment in the same suit against the two drivers as joint tort feasors, both having been negligent.

It may be conceded that the person operating the automobile was guilty of contributory negligence and could not recover from the defendant company for any injury sustained, but the plaintiff is not chargeable with that negligence. If he was negligent and thus contributed to the accident, he is liable, either jointly or severally, with the defendant, if the defendant's negligence contributed to it, but that does not relieve the defendant from liability as one of two joint tort feasors. We submitted to the jury all the testimony on the question of the defendant's negligence, both in approaching the crossing without giving a proper signal and in running at an excessive rate of speed. We called their attention to the conflicting testimony on both these matters, and instructed them that unless they found the defendant was guilty of negligence in one of these particulars, and that that negligence was a proximate cause of the accident, the plaintiff was not entitled to recover. The jury found that the defendant company was negligent, as they returned a verdict in favor of the plaintiff, and we are satisfied that the finding is justified by the law and the evidence.

It is true that the plaintiff and those with her could see the approaching car and the speed at which it was running, as they had a clear view of the track for a considerable distance in the direction from which it was coming. A warning of its approach to the crossing and a decrease in its speed was not necessary, therefore, to give them notice to keep out of its way. The operator of the automobile, however, was at a different place. There is no proof that he did or could see the approaching car. The draft shows that he

4 D. & C.

was driving on a road that crossed the trolley tracks in a northwesterly direction, and the testimony showed that the car was going west. He was, therefore, not faced towards the car, and could not have seen it without turning towards the right. It also appeared in the draft and photographs that his view of the track where the car must have been when, or just before, he was about to go upon the track was obstructed by buildings. No presumption arises under these circumstances that he did see the car. It was the duty of those in charge of the car to give him notice of its approach to the crossing by bell or whistle, and not to run the car at an excessive speed. Having failed in this duty, the defendant was guilty of negligence, which was a proximate cause of the accident, as it is probable that the driver of the automobile would not have attempted to cross in front of the car if he had been given warning that it was coming. The warning given by the motorman for a crossing some distance to the east was not such notice as the motorman should have given, as it was too far away for the operator of the automobile to have heard it. As we have said, the operator of the automobile may have been guilty of contributory negligence in crossing in front of the car, but that does not affect the plaintiff. As both the defendant and the driver of the automobile were guilty of negligence that caused the accident, both, or either of them, are liable for the injury sustained by the plaintiff by reason of it. We think the case of O'Malley v. Philadelphia Rapid Transit Co., 248 Pa. 292, is authority for this conclusion.

We are of the opinion that the defendant company is liable for the injury sustained by the plaintiff, and we, therefore, discharge the rule to show cause why judgment should not be entered for the defendant *n. o. v.*

From George Ross Eshleman, Lancaster, Pa.