## Stark *v.* Rowley (et al., Appellant).

Argued April 7, 1936. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Rufus S. Marriner,* with him *John F. Wiley,* of *Marriner & Wiley,* for appellant.

*H. Russell Stahlman,* for appellee.

OPINION BY MR. JUSTICE BARNES, October 5, 1936:

Early in the afternoon of December 23, 1930, an automobile owned and operated by the plaintiff, J. W. Stark, was involved in a collision which occurred on the State highway between Charleroi and the Borough of Speers in Washington County. Alleging that the accident was caused by the joint and concurrent negligence of defend-

ants, William H. Rowley and Edna Maxwell, plaintiff instituted this action of trespass against them to recover damages for the injuries and losses which he sustained. The case has twice been tried before a jury. The first trial resulted in a verdict for plaintiff, whereupon the court below granted a new trial on the ground that the verdict was opposed to the weight of the evidence. A compulsory nonsuit was entered at the first trial by the court in favor of F. R. Maxwell, who is the husband of defendant, Edna Maxwell. As no motion was made to take off this nonsuit, F. R. Maxwell was eliminated as a party defendant in the second trial. At the second trial the jury again found for plaintiff, returning a verdict in his favor for $7,018. The court below overruled motions of both defendants for judgment non obstante veredicto, and for a new trial, whereupon the defendant Edna Maxwell took this appeal. The other defendant, Rowley, did not appeal.

The accident occurred on a level stretch of road which, according to the testimony, is nearly straight for a distance of over 1,600 feet. At this point the highway is paved with concrete, with two lanes for traffic and is eighteen feet in width. There is a concrete berm six feet wide along the east side of the road. Although it was winter, and there was snow on the ground, the roadway was clear at the time of the collision except for a few patches of ice.

Considered most favorably to the plaintiff, as it must be on this appeal, the testimony establishes that the accident happened in the following manner. As plaintiff was driving northward on the right or east side of the highway, a line of four automobiles, following one another, approached from the south or opposite direction. The first car in this line was driven by a woman alleged to be the appellant, Maxwell; the second car was operated by Roy P. Dillon, the third by one Ferguson, and the last by the defendant Rowley. Rowley attempted to overtake and pass the three cars in front of him. He

succeeded in passing Ferguson and Dillon, and increased his speed in an effort to get by the first car in line. Plaintiff, Stark, was then four or five hundred feet away, drawing near to the point where he and the other cars would meet. Although Rowley blew his horn signaling his intention to pass, as he came abreast of the first car, its driver refused to allow him to do so, and by speeding up prevented him from completing his attempt to pass, with the result that the two cars were racing side by side, occupying both lanes of the highway. Plaintiff, meanwhile, observed that the two approaching cars completely blocked the road, and started to turn out onto the concrete berm to his right in order to afford clearance for the on-coming vehicles. When Rowley finally abandoned his effort to pass ahead, he dropped back and endeavored to turn in quickly behind the first car in order to avoid a head-on collision with plaintiff. Before he was entirely back in line, and when his car was at a "thirty-degree angle" with the road, it suddenly skidded or "slued" completely around and across the road, colliding with plaintiff's car just after the latter had come to a full stop off the highway. Plaintiff's left leg was broken in three places, causing him to be permanently crippled.

The cause of the skidding of the Rowley car was not sufficiently explained. Rowley, who was uninjured, said it felt as though his wheels had struck an icy spot. After the collision his car came to rest off the road and about thirty feet in front of plaintiff's car.

The evidence establishes, and it is not seriously disputed, that the woman driving the first car was guilty of wrongful and negligent conduct in refusing to permit Rowley to pass. It was a clear violation on her part of Section 1009 of the Vehicle Code.* Rowley was guilty

---

* Section 1009 of the Vehicle Code of May 1, 1929, P. L. 905, reads as follows:

"The driver of a vehicle, about to be overtaken and passed by another vehicle approaching from the rear, shall give way to the

of negligence in recklessly persisting in his efforts to pass until a dangerous situation had arisen.

In support of her motion for judgment n. o. v. appellant contends that the sole cause of the collision which resulted in the injuries to the plaintiff was the skidding of Rowley's car on the ice on the surface of the road, after he had desisted from his attempt to pass and turned in behind the first car. This, she contends, was a cause independent of and unconnected with any negligence in the operation of the first vehicle. Any such negligent acts as alleged, it is argued, were ended with Rowley's abandonment of his attempt to effect a passing, and had no causal connection with the accident.

This argument assumes that the skidding of the Rowley car was caused *solely* by a patch of ice on the surface of the road. Whether this was true is a question of fact. The jury found, however, and the evidence is sufficient to warrant its finding, that the swinging of Rowley's car across the road occurred because of efforts he was making to extricate himself from a perilous situation created by the concurrent negligent acts of himself and the woman driver of the first car. The jury evidently believed from the testimony that the accident was not attributable to ice on the roadway, but that the skidding occurred as a result of the negligent racing of the cars while Rowley was engaged in an effort to recover a position in the line of cars. In this view of the facts the accident was the direct result of the joint and concurrent negligence of both defendants. This question was clearly submitted to the jury, with a careful explanation that negligence must be due to the joint acts of these two defendants to justify a verdict against them. Appellant's only complaint then can be that the jury accepted plaintiff's version of the accident rather than her own. The

right, in favor of the overtaking vehicle, on suitable and audible signal being given by the driver of the overtaking vehicle, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

fourth assignment of error, complaining of the refusal to enter judgment n. o. v. in appellant's favor, is overruled.

Appellant's principal defense is that she was not the driver of the first car nor present at the scene of the accident. In support of her motion for a new trial she now contends that the verdict of the jury was against the weight of the evidence upon this point, and that the failure of the court below to award a new trial was a gross abuse of discretion.

Plaintiff testified that after the collision, the car which Rowley had unsuccessfully attempted to pass backed up to the scene of the accident. The driver, a woman, alighted and stood near her car observing the situation while plaintiff was being assisted from his car. Plaintiff did not know the woman at the time, but met her subsequently and immediately recognized her as the woman involved in his accident. He was most positive in his identification. Dillon, the driver of the second car, testified substantially as did plaintiff, and was equally positive in his identification.

Appellant denied all knowledge of the collision. She and her husband testified that over an hour before the accident they had left their home in a neighboring town to drive to the home of appellant's parents in Somerset County, over a route which did not traverse the scene of the accident. In certain details their testimony was corroborated by a number of witnesses.

As we have stated, the contention which appellant now makes was the ground upon which the court below granted a second trial. For that reason, the question of identity was the subject of an extensive and detailed inquiry at the second trial. The matter was gone into with the greatest particularity. The jury was fully instructed on the question of testimony as to identity, and carefully cautioned with respect to the possibility and danger of mistakes in personal identification, especially under circumstances such as were here present. How-

ever, after a second jury had made the same decision of this question of fact, the court refused again to award a new trial, observing that, "And now that Mrs. Maxwell has been given two opportunities to satisfy a jury that her denial of having been present and having been the driver of the car in question ought to be accepted, and both juries have taken the same view, we do not feel that the court should interfere further by granting a third trial upon this ground." In so holding the learned and careful trial judge did not abuse the discretion which in questions of this kind rests with the trial court: *Clemson v. Davidson*, 5 Binn. 391; *Lilly v. Metropolitan Life Ins. Co.*, 318 Pa. 248; *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 547.

As a further ground for a new trial appellant complains of the manner in which the verdict was entered. The jury first returned its finding in the form of a sealed verdict, awarding plaintiff $7,000 with an added direction that $5,000 of this sum should be paid by the defendant Rowley, and $2,000 by appellant. Upon the opening of the verdict, the trial judge informed the jury that it was not responsive to the issue, and as both defendants had been found liable, the damages could not be apportioned between them. He directed the jury to retire to remodel the verdict. Upon returning the jury gave their verdict in favor of plaintiff against both defendants in the sum of $7,018.00, an increase of $18.00 over the original verdict. The court below ordered a new trial unless plaintiff remitted all of the verdict in excess of $7,000. Plaintiff promptly filed the required remittitur, whereupon judgment was entered in his favor. In this we see no abuse of the discretionary power of the court: *Nelson v. P. R. T. Co.*, 314 Pa. 27.

The assignments of error are all overruled and the judgment is affirmed.