## Stern et al., Appellants, *v.* Passaro.

Argued January 26, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*R. L. Levy,* with him *A. M. Lucks,* for appellants.

*Walter L. Hill,* of *O'Malley, Hill, Harris & Harris,* for appellee.

OPINION BY MR. JUSTICE DREW, March 22, 1937:

These appeals are from the refusal of the court below to take off a compulsory nonsuit. The suit is by the parents of a minor plaintiff for themselves and in her behalf. She was injured on April 17, 1935, while a guest in a car owned and driven by one Handler, which collided with an automobile driven by defendant, at a point on the Lackawanna Trail about three miles north of Tobyhanna. Handler's car was traveling from New Jersey to Scranton, and at the point where the accident occurred the highway crossed the Poconos in open country. The concrete highway was covered with ice and snow at and near the point of the accident. The car had passed over the brow of a hill and had traveled about seventy-five feet down the grade when it began to skid from side to side on the road. Handler testified that before starting down the grade he put the car in second gear as a measure of safety, and that shortly thereafter he lost control of it because the surface of the road was "like a sheet of ice." The car continued to skid in zigzag fashion from

one side to the other for a distance of approximately one hundred twenty-five feet down the hill, and then collided with defendant's car which approached from the opposite direction. Handler and the plaintiff testified that when the car in which they were riding began to skid they looked forward and saw defendant's car approaching at a distance of about five hundred feet; that it came on without any apparent reduction of speed; that at the time of the collision it was traveling at about forty-five miles per hour; that it was on its right side of the road but made no effort to get off the road; and that defendant took a chance on his ability to get by at a moment when the skidding car would be on its own side of the road.

The view of the court below was that defendant was not guilty of negligence, that he could not have been expected to "have seen the action of Handler's car, inferred that it was out of control and so have reduced his own speed, stopped his car or have it under such control that he could have avoided the accident." With this we cannot agree. Defendant must be taken to have seen what was immediately in front of him on the highway; he was bound to see what was obvious. The record indicates that he did see Handler's car, and that it then was out of control and was skidding from one side of the road to the other. Defendant had sufficient time and space in which to stop, or at least to greatly reduce the speed of his car, possibilities made easier by the fact he was driving upgrade. The skidding car was going down the hill at an approximate speed of only ten miles an hour. The evidence shows that defendant could have drawn off to the side of the road to allow more space for the other car to pass. It is possible that even if defendant had stopped his car, the other car would have continued to skid until it collided with his car. But it is certain the same damage would not have resulted, and it is possible there would have been none. There is a vast difference between the collision of a car zigzagging

across a road at ten miles per hour with one standing, and the collision of such an uncontrolled car with one approaching at forty-five miles an hour.

At the trial the facts may appear to be quite different from the version that has come to us on appeal from the compulsory nonsuit. When the other side is heard the jury may take a very different view. On the record before us, however, the negligence of defendant is palpable.

The judgment of nonsuit is reversed and the case returned with a procedendo.

Judgment reversed.