Derrickson et ux., Appellants, v. Tomlinson.

Argued May 19, 1937. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Howard Kirk,* with him *Marion S. Kirk,* for appellants.

*Paul Lane Ives,* with him *J. Borton Weeks,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 25, 1937:

Plaintiffs sought to recover for the death of their 13-year-old son. The evidence shows that 50 to 75 children were engaged in sledding on a fairly long, steep grade of the street where the accident occurred, at the bottom of which was a slight rise. It was completely covered with well-packed snow. Defendant was driving his automobile up the grade at the rate of about 20 miles per

hour, and plaintiffs' son was coasting down on his sled. When the boy was half way down the hill and about half a block from defendant's car, his sled was deflected to the left side of the street by a mound of snow surrounding a manhole. The course of the sled was forcibly changed so that it was directed toward defendant's car, and although the boy frantically attempted to steer his sled back to the right by tugging on the steering bar of the sled and dragging his feet in the snow so as to avoid defendant's car, the sled continued toward the car. Though the day was clear and sunny and there was nothing to obstruct defendant's view of the boy's plight, he did not stop the car, slow down or change its course. The boy collided with the front part of the automobile, dying as a result of the injuries sustained. The trial court directed a verdict for defendant, and the court en banc refused to grant plaintiffs a new trial.

It must be assumed on this appeal that the jury would have believed the testimony just outlined to the exclusion of any contradictory evidence favorable to the defendant. Could the jury properly have found defendant guilty of negligence under these facts? We said in *Silberstein v. Showell, Fryer & Co.*, 267 Pa. 298, 306: "Where an automobile driver sees a child in a place of danger . . . and has sufficient time to stop his car . . . it is his duty to exercise such care as would be reasonably necessary to avoid a collision." Again in *Frank v. Cohen*, 288 Pa. 221, 225, we stated: ". . . the presence of children in large numbers in his immediate way, should have caused him to exercise the degree of care their presence required. Children are capricious, they act heedlessly without giving the slightest warning of their intentions. They dart here and there with the exuberance of youth. No law or court edict will stop them; we shall not attempt to do so, but rather warn those who may meet them to be on the lookout." See also *Wilson v. Metropolitan Petroleum Corporation*, 324 Pa. 321, 324.

When defendant, in a position to see plaintiffs' son coming toward him, with his sled obviously out of control for half a block, did not slow down or attempt to direct the car away from the boy as the latter approached, he clearly did not satisfy the standard of care which the law imposes upon him. In *Stern v. Passaro*, 326 Pa. 187, where a car coming down a hill was out of control because of the hill's icy condition and a car coming up the hill seeing its condition did not stop, in holding the latter negligent for not observing this duty, we held that while it was not certain that the accident would have been entirely avoided had defendant slowed down or stopped the car, the possibility of such severe consequences as did result would have been materially lessened.

In the present case the defendant had an opportunity to observe the boy and his predicament and to stop or change the direction of the car so that the accident might have been avoided. Defendant had traveled three blocks on the street and was or obviously should have been aware of the numerous children coasting down the hill, and it was incumbent upon him to be prepared to stop or maneuver the car on the shortest notice of any danger which might arise accidentally or out of the careless or capricious manner in which the children on the street carried on their sport. The case was for the jury.

Judgment reversed and a new trial granted.