Nark *v.* Horton Motor Lines, Inc., Appellant, et al.

Argued May 25, 1938. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Ward C. Henry,* of *Swartz, Campbell & Henry,* for appellant.

*Harry M. Penneys,* with him *Matthew K. Stevens,* for appellee.

Opinion by Mr. Justice Maxey, June 30, 1938:

In this action for personal injuries plaintiff recovered a verdict for $20,000 against appellant, Horton Motor Lines, Inc., and its codefendant, Walter Thomulka. Plaintiff proved injuries of a very substantial and permanent nature to his spinal column, neck and jaw, partial loss of hearing, and other incapacitating effects of the injury he sustained, rendering him totally disabled for self-support. The errors alleged relate only to the weight of the evidence as to appellant's negligence and to the admission of certain medical testimony of the injuries to plaintiff. From the refusal of a new trial Horton Motor Lines, Inc., appealed. Defendant Thomulka did not appeal.

The accident giving rise to the suit occurred early in the morning of March 11, 1937, at the point in Philadel-

phia where Passyunk Avenue, an east-west thorough-
fare, curves northward to become 63d Street. There is
no intersection at this turn and no buildings, so that an
unobstructed view of the highway is had in both direc-
tions. The roadway was covered with snow and ice at
the time. Plaintiff was one of five passengers in an auto-
mobile driven by defendant Thomulka. The car was
proceeding west on Passyunk Avenue as it approached
the turn. Thomulka put his foot on the brake to slow
down and tried to round the bend to his right. Instead,
the car skidded diagonally across the highway and came
to a stop on the other side, directly in the path of ap-
pellant's oncoming truck moving towards Thomulka's
car, in which plaintiff was seated. Appellant's driver
failed to avoid striking the automobile, with a resulting
head-on collision. Almost all the occupants of the car
were rendered unconscious or were seriously injured.

The witness Lydon, one of the passengers, testified for
plaintiff that when Thomulka applied his brakes the
truck was 200 to 250 feet up the road, that the car
skidded 40 or 50 feet and then came to a standstill on
the other side of the road, facing the truck, which was
still 100 to 120 feet away; that although the driver of
the truck could have avoided the accident by turning
slightly to the left, he failed to do so, and that after the
lapse of a minute's time the collision occurred. Plain-
tiff's only other witness on the question of appellant's
negligence was the codefendant, Thomulka. He said
that as his car began to slide, after the brakes were ap-
plied, the truck was 100 to 110 feet away, that it was
still 75 feet off when his car came to a stop on the far
side of the road, and that although the truck was travel-
ing at a speed of only 20 to 25 miles an hour its driver
made no effort to stop and avoid a collision, and that
the crash took place five seconds later.

If the statements so made by these witnesses under
oath were credited by the jury, as the verdict indicates
they were, the negligence of defendant's driver was

obvious. No man has a right to continue his car or truck in motion if such motion makes an injury to another car or to any person inevitable or reasonably probable, provided, of course, such car or truck is "under control," as this truck was at the time in question. But appellant urges that the contrary testimony of its own witnesses was so strong and persuasive that the verdict for plaintiff was clearly against the weight of the evidence and hence should not be permitted to stand. A convincing preponderance of evidence in a case such as this may have persuasive weight with the trial court on a motion for a new trial. However, from the refusal of a new trial, we have uniformly held on appeal that the judgment of the court which tried the case will be accepted unless there is a clear abuse of discretion: *Hostetler v. Kniseley*, 322 Pa. 248, 185 A. 300; *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 547, 186 A. 133; *Stark v. Rowley et al.*, 323 Pa. 522, 187 A. 509. Our examination of the record before us discloses no abuse of discretion in the instant case.

Appellant argues that the account of how the accident happened given by plaintiff's witnesses is incredible, and that no rational person in the position of appellant's driver could have deliberately watched the car in which appellee was seated come to a stop ahead of the truck without pulling to one side and thus avoiding the collision. Such conduct would be reprehensible but the reprehensibility of an act charged does not make the charge incredible. The testimony of plaintiff's witnesses was clear and positive that the accident happened as they said it did. The credibility of these witnesses was for the jury. Other accidents have happened in much the same way as did this accident: see *Stern v. Passaro*, 326 Pa. 187, 190 A. 881; and *Derrickson et ux. v. Tomlinson*, 326 Pa. 560, 192 A. 673.

Appellant offers the testimony of three eyewitnesses, alleged to be disinterested, who were driving to work in an automobile behind Thomulka's car and came upon

the scene of the accident just after it took place. Thomulka had passed their car a short distance before he reached the curve. Weiss, the driver of this second car, stated that he did not see the collision take place, did not notice whether Thomulka's car skidded, and, in fact, had his hands full at the time because his own car skidded, spun around on the road, and narrowly escaped crashing into the two vehicles ahead which had collided an instant before. He made no attempt to refute plaintiff's evidence that appellant's driver failed to avoid the accident although he had ample opportunity to do so. Neither of the other two witnesses could recall whether or not Thomulka's car skidded. They saw the occurrence, if at all, only a moment before the impact took place. The fact was admitted that while the accident which injured plaintiff was happening, the vehicle in which these witnesses were seated was itself out of its driver's control and in great danger of colliding with those ahead. In view of this experience it is unlikely that these three men could give a clear account of what took place in respect to Thomulka's car and appellant's truck. There was much inconsistent testimony on both sides of this case, but it is a jury's function to reconcile testimony, if it can. The court below properly declined to interfere with the jury's verdict.

The remaining assignments of error require little consideration. It is charged that the trial judge erroneously received and submitted to the jury medical testimony as to injuries to plaintiff's brain, jaw, sixth and seventh upper cervical vertebræ and first dorsal vertebra, because the statement of claim made no allegation of these injuries. Plaintiff's pleading stated his injuries in part as follows: "to his head, neck, arms, legs and body; he sustained, particularly, laceration of his scalp, possible fracture and dislocation of upper cervical vertebræ, resulting from contusion of same, fracture of 3d, 4th, 5th cervical vertebræ, was otherwise in-

jured internally and permanently and sustained a severe shock to his entire nervous system."

Injuries to the brain, resulting in headaches and dizziness, were clearly provable under the averment of injuries to the head; proof of injury to plaintiff's jaw was likewise admissible. In *Twinn v. Noble,* 270 Pa. 500, 113 A. 686, proof of a fractured nose and of a cerebrospinal affliction was sustained under a general averment of injuries to the head and back. In *Wilson et al. v. Consolidated Dressed Beef Co.,* 295 Pa. 168, 145 A. 81, the averment was that plaintiff sustained a fractured skull and jaw, concussion, a broken nose and head and eye injuries, and we held (p. 178) that "the loss of smell and taste were the natural result of some of the injuries complained of and did not require special mention in the pleadings." See also *Koenig v. Quaker City Cab Co.,* 87 Pa. Superior Ct. 403. Here appellant made no motion to strike off the statement as insufficient and did not rule the plaintiff for a more specific statement, as was its proper course if it deemed the averments too general in character. Hence it has no standing to object to the proof which was offered: *Twinn v. Noble,* supra; *Lynch v. Bornot, Inc.,* 120 Pa. Superior Ct. 242, 182 A. 49. The case of *Krajkowski v. Phila. R. T. Co.,* 282 Pa. 104, 127 A. 429, relied upon by appellant, is not controlling, for there the only allegation covering proof of a heart impairment was of injury to the body; as the body contains all its organs and parts this pleading was obviously too general. An averment of injury to the *body specifies* nothing. Regarding the alleged variance in proof of injury to other vertebræ than those mentioned in the statement of claim, the allegations were couched in both specific and general terms and referred to the "upper cervical vertebræ." It is manifest that the pleading put appellant sufficiently on notice as to what it had to meet; it was not misled to its prejudice.

The judgment is affirmed.