## Commonwealth, Appellant, *v.* Dellcese.

Argued April 10, 1944.   Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Kenneth W. Rice,* District Attorney, for appellant.

No one appeared or filed a brief for appellee.

OPINION BY BALDRIGE, J., July 15, 1944:

The defendant in this criminal prosecution about
4:00 A. M. on June 29, 1942, was driving three com-
panions from Meadville to Conneaut Lake. The weather
generally was clear, but pockets of fog were encount-
ered. When defendant was in one of these pockets he
failed to negotiate a curve, ran off the concrete highway
onto a gravel road, hit a mailbox, went through a
hedge, and struck two trees before he finally stopped.
The car was completely wrecked and two of the pas-
sengers were killed. A trial resulted in the jury finding
the defendant guilty of involuntary manslaughter. A

motion for a new trial was filed September 19, 1942, but for some unexplained reason remained undecided until October 20, 1943, when the motion was granted. The court assigned as a reason for its action "that the instructions to the jury with respect to the degree of carelessness required in order to convict the defendant were inadequate."

Under the common law the commonwealth had no right to appeal in a criminal case unless the appeal was from an order sustaining a motion to quash an indictment, sustaining a demurrer, or in arrest of judgment. Our statute of May 19, 1874, P. L. 219, §1, 19 PS §1188, as amended by the Act of May 19, 1897, P. L. 67, §22, 12 PS §1161, provides for the taking of appeals by the commonwealth in criminal cases charging "nuisance or forcible entry and detainer, or forcible detainer." It was said in *Commonwealth v. Wallace,* 114 Pa. 405, 411, 6 A. 685 : "But for error in quashing an indictment, arresting judgment after verdict of guilty, *and the like,* the Commonwealth may remove the record for review without special allowance of the proper writ." (Italics supplied). In other words, if the ruling is against the commonwealth on a pure question of law it may appeal: *Commonwealth v. Simpson,* 310 Pa. 380, 383, 165 A. 498.

The commonwealth asserts its right to take this appeal as it involves a question of law only and comes within the purview of the words "and the like." We held in *Commonwealth v. Supansic,* 93 Pa. Superior Ct. 111, that the commonwealth had no right to appeal from an order granting a new trial to a defendant found guilty in a criminal action where the judge's reason for granting a new trial was that in his opinion "certain occurrences incidental to the trial of a similar case about the same time may have had such a prejudicial influence upon the jury that the sworn testimony in this case was not the sole basis for the verdict." We

concluded that the granting of a new trial was not an appealable order.

This case does not involve a pure question of law as in *Commonwealth v. Simpson,* supra; *Commonwealth v. Sober,* 15 Pa. Superior Ct. 520; and *Commonwealth v. Kolsky,* 100 Pa. Superior Ct. 596, but rather one of sound discretion as to whether a new trial should be granted. A reference to the charge will throw considerable light on the matter before us. The trial judge in his instructions to the jury referred several times to the degree of carelessness necessary to convict the defendant of involuntary manslaughter. One portion of his charge was in substantial compliance with the recent decisions in *Commonwealth v. Aurick,* 342 Pa. 282, 19 A. 2d 920 and *Commonwealth v. Stosny,* 152 Pa. Superior Ct. 236, 241, 31 A. 2d 582. A reference to other parts of the charge discloses that the judge told the jury that he had difficulty in explaining just what the law is with respect to involuntary manslaughter; that although the appellate courts have said that negligence must be more than slight the trouble is that they have not told the lower courts just how much negligence must be proved in order to sustain the charge of involuntary manslaughter. The following instructions also appear: "In the operation of his car he was compelled to use the care and caution that an ordinarily prudent person would use under the circumstances and conditions as they existed at the time." The jury might well have understood in considering the charge in its entirety that ordinary negligence, or any negligence, would have been sufficient to convict the defendant. We can readily understand why the trial judge felt his instructions were conflicting and lacked such clarity that the jury did not understand the quality of proof the commonwealth was required to produce to convict the defendant, and that as a consequence the defendant, notwithstanding the strength of the commonwealth's

case, did not receive the fair and impartial trial to which he was entitled. The courts have wide discretion in granting a new trial and we are warranted in reversing only where there has been a clear abuse of discretion (*Commonwealth v. Jones,* 303 Pa. 551, 554, 154 A. 480), which does not appear here.

We might add, as the case will be retried, that the essence of the crime of involuntary manslaughter is that death resulted, not from ordinary negligence, but from an unlawful act. The act may be unlawful from its inception, as the careless discharging of a firearm in a crowd, or it may be lawful in itself, as in driving an automobile, but it may become unlawful by the reckless manner of driving it. *Commonwealth v. Micuso,* 273 Pa. 474, 477, 117 A. 211. If, as here, the act in itself, the driving of the car, is not unlawful, that is contrary to law, then to make the act criminal "the negligence must be such a departure from what would be the conduct of an ordinary prudent or careful man under the same circumstances as to evidence a disregard of human life or an indifference to consequences." 90 American State Reports 572, cited by the Supreme Court in *Commonwealth v. Aurick,* supra, pp. 288, 289. There must be an element of recklessness or rashness.

In *Commonwealth v. Ochs,* 91 Pa. Superior Ct. 528, the defendant was convicted of involuntary homicide due to the manner he operated his automobile. We approved the instructions given to the jury that the defendant could not be convicted unless it found that he operated his automobile in a "careless, negligent or reckless" manner without due regard to the circumstances; that the words "careless, negligent or reckless" as used by the court in its charge are synonymous.

In *Commonwealth v. Gill,* 120 Pa. Superior Ct. 22, 182 A. 103, we stated p. 34 that "carelessness or negligence resulting in death in order to be indictable as involuntary manslaughter, must have present in it an

element of recklessness. The word, 'reckless' usually imports something more than 'careless' or 'negligent.' It denotes rather 'rashly negligent, utterly heedless' (Webster)." We held in that case that the phrase "an act done in an unlawful manner and without due caution, used as it is conjunctively," implies along with negligence a certain element of rashness or recklessness, which, in the eyes of the law, approximates an unlawful act. The Supreme Court in reversing us in *Commonwealth v. Aurick*, (142 Pa. Superior Ct. 364, 16 A. 2d 429) 342 Pa. 382, supra., disapproved of the use of the word "approximate" but did not criticise the holding that the negligence in the criminal action charging involuntary manslaughter must be shown to have an element of rashness or recklessness. In *Commonwealth v. Stosny,* supra, we held, relying upon *Commonwealth v. Aurick,* supra, that the proof of negligence that will support the charge of involuntary manslaughter must amount to more than slight negligence which will support a civil action for damages based on negligence, that if one operates his automobile in a rash or reckless manner and death results then he may be found guilty of involuntary manslaughter.

We find no reason for interfering with the court's granting a new trial.

The order is affirmed.