## Helt *v.* Berman, Appellant.

Argued April 12, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*George Y. Meyer,* for appellant.

*Abe R. Cohen,* of *Crone & Cohen,* for appellee.

OPINION BY KENWORTHEY, J., July 15, 1944:

About mid-morning, November 6, 1941, the two auto-
mobile trucks involved in this accident came into col-
lision in the middle of a bridge leading into McKees
Rocks, Allegheny County. It was raining at the time
and the asphalt or macadam surface was wet. The
highway and bridge is four-lane width—about 40 feet.
The plaintiff was driving his half-ton pick-up truck
south toward McKees Rocks; the two-ton Dodge truck
of defendant was being operated by an employe of de-
fendant north or in the opposite direction. There is
no evidence of excessive speed on the part of either
vehicle; plaintiff said he was travelling about twenty
to twenty-five miles per hour and the only evidence of
the speed of defendant's truck is the testimony of its
driver that he was going about twenty miles per hour.
As the vehicles approached each other plaintiff was
required to negotiate a turn to his right. As he did
so he went into a skid. He testified that the rear of
his truck first skidded to the left; he then righted it;
but after proceeding straight-away for about twenty-
five feet the front skidded, he turned completely around

and, when the collision occurred, plaintiff's truck was at right angles to the highway with its front against the east curb completely blocking defendant's half of the highway. Defendant did not leave his course which was close to his right or to the east curb. The front of defendant's truck collided with the right side at about the middle of plaintiff's.

The question of liability turned on a very narrow issue of fact. The plaintiff testified that he first noticed defendant's truck at or about the time his (plaintiff's) truck first started to skid and that he continued to watch it; that—and this is the crux of the case—after he had completed his skid and his truck had come to rest defendant's truck was still between 100 and 150 feet away. On the other hand, defendant's driver testified that he first noticed plaintiff's truck when they were separated by a distance of about 150 feet; that when they were about 75 to 100 feet apart plaintiff's truck started to skid; that he (defendant's driver) immediately slowed down and turned to his right as far as he could go; and that plaintiff skidded diagonally across the highway and into him.

The case was submitted to the jury on the theory that if, as plaintiff testified, he had come to rest in the path of defendant's truck at a time when the latter was 100 to 150 feet away the jury might find defendant's driver was negligent in failing to stop or turn to his left—there was evidence there were no other vehicles approaching—or in some other way avoid the collision. The jury were instructed, however, that if the accident occurred in the manner described by defendant's driver he was not at fault. The issue was clearly presented; it was one of credibility under all the circumstances.

The court could not have taken the case from the jury in view of the decision of the Supreme Court in *Nark v. Horton Motor Lines*, 331 Pa. 550, 1 A. (2d) 655. We are unable to distinguish that case in prin-

ciple from the case at bar; minor differences have been sifted out and called to our attention by counsel for appellant but in our opinion they are immaterial. That case disposes of the assignments relating to the refusal of appellant's motion for judgment n. o. v. and to the weight of the evidence.

Appellant's third and final contention is that the court erred in refusing counsel's oral request that the court charge the jury that "They must take into consideration the condition of the right of way, that if Mr. Helt could not stop skidding clear across the roadway, then it is to be considered that Miller [defendant's driver] was faced with the same situation in trying to get stopped." The court refused the request on the ground he thought he had covered the matter in his charge. Perhaps, as appellant now argues, it was not adequately covered. But the question covered by the request was not involved in the case. The theory of the defendant's driver was not that he, like the plaintiff, had lost control of his truck because of the slippery condition. He insisted that his truck was under control at all times. The only issue of fact was the one we have mentioned; if the court had charged the jury as requested it would have injected into the case a new issue unsupported by testimony and for that reason not properly involved: *Heffner v. Chambers,* 121 Pa. 84, 15 A. 492; *Keeler Co. v. Schott,* 1 Pa. Superior Ct. 458.

The judgment is affirmed.