Commonwealth *v.* Levin, Appellant.

Argued October 1, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William A. Gray,* with him *Cormac J. Malloy,* for appellant.

*Juanita Kidd Stout,* Assistant District Attorney, with her *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 12, 1957:

Ronald Levin has appealed from his conviction and sentence on a charge of involuntary manslaughter. The contention of his present counsel is that "The Commonwealth failed to establish that the conduct of the appellant was a proximate cause of the death of the decedent". The case was tried before President Judge BOK without a jury. Appellant did not demur to the evidence, or file a motion in arrest of judgment. While reference is made at several points in the transcript to a motion for a new trial, the docket entries do not disclose that such a motion was actually filed, and it is not contained in the original record. Nor do we have the benefit of an opinion below. See Superior Court Rule 43. Since the contention appellant pres-

ently advances was not properly raised in the lower court, this appeal should be dismissed upon the authority of *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530. However, because the precise question is alleged to be one of the first impression in Pennsylvania, we will dispose of the appeal upon the merits.

Between five and six o'clock in the morning of May 14, 1955, appellant and four other young men were together in a diner at Sixty-third and Lancaster Avenue in the City of Philadelphia. They departed in a car owned and operated by one of them, Robinson. At 5151 Dakota Street appellant transferred to his own car, and drove down Dakota Street. Robinson, with his three passengers, drove down the adjoining street. Both drivers turned right on Fifty-first Street, appellant's car being to the rear. They then turned into Wynnefield Avenue, going west. At Fifty-fourth and Wynnefield Avenue, appellant attempted to pass the Robinson car. Realizing that appellant was trying to pass, Robinson accelerated his speed. The drivers kept going faster, appellant's car being along the side of the Robinson car to the left, in such proximity that it could have been touched by the passengers in the Robinson car. When the two cars arrived at Woodbine Avenue, they again bore left. As they approached the 5700 block of Woodbine Avenue, the cars were going approximately 80 miles per hour. One of the passengers, who was seated left rear in the Robinson car, opened his window, and shouted to appellant to get away. Appellant persisted in maintaining his position. The passengers called to their driver, Robinson, to slow down, and he replied: "Well stop being chicken". The speed finally attained 85 to 95 miles per hour. As the cars reached Fifty-seventh Street, appellant turned sharply to the right in front of Robin-

son, who thereupon lost control of his car, and hit a tree. One of the passengers, Klinghoffer, was thrown to the road and fatally injured.

It is readily apparent from the testimony that appellant and Robinson were participating in a race or speed contest. Such unlawful conduct constitutes reckless driving. Act of 1929, P. L. 905, Section 1001(c), 75 P.S. 481(c). Appellant endeavors to escape responsibility for Klinghoffer's ensuing death on the ground that "his car did not come into contact with the victim or some instrumentality which contacted the victim". We are not in accord with this argument. To the contrary, we are in agreement with the position of the trial judge at the time of Robinson's sentence[1] that, "in a case as flagrant as this", these two young men were fortunate in not having to face indictments for second degree murder.

The essential elements of the crime of involuntary manslaughter are outlined in the leading case of *Commonwealth v. Aurick*, 342 Pa. 282, 19 A. 2d 920, and need not be here re-stated. See also *Commonwealth v. Dellcese*, 155 Pa. Superior Ct. 120, 38 A. 2d 494. So far as appellant's present contention is concerned, the controlling legal principle has been ably discussed by Judge (now Mr. Justice) ARNOLD in *Commonwealth v. Amecca*, 160 Pa. Superior Ct. 257, 50 A. 2d 725. In brief, a person is not guilty of involuntary manslaughter unless his unlawful and reckless conduct was the legal cause of the injury and death, and legal cause means conduct which is a substantial factor in bringing about the harm. See also *Commonwealth v. Rosenberger*, 183 Pa. Superior Ct. 401, 132

---

[1] Robinson and Levin were tried together, and received identical sentences, namely, eighteen to thirty-six months in the county prison. Culpae poena par esto.

A. 2d 359. It is entirely clear in the instant case that appellant's unlawful and reckless conduct in participating in the high speed race, and eventually turning sharply in front of the Robinson car, was a substantial factor in bringing about Klinghoffer's death.

In *Stark v. Rowley*, 323 Pa. 522, 187 A. 509, cars A and B were racing side by side. Car A finally dropped back but, in attempting to turn behind car B, skidded across the road and collided with car C. It was held that the driver of car B was jointly responsible with the driver of car A for the resultant injury to the driver of car C, even though there was no contact between car B and car C. See also *Hitchins v. Wilson*, 68 Pa. Superior Ct. 366. Convictions of involuntary manslaughter have been sustained in other jurisdictions under similar circumstances. See *State v. Hamilton*, 149 Me. 218, 100 A. 2d 234; *Jones v. Commonwealth*, (Ky.) 247 S.W. 2d 517; *State v. Fair*, 209 S. C. 439, 40 S.E. 2d 634.

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.